UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CLARENCE R. BROWN, JR.,

        Petitioner,

v.

SUPERINTENDENT,

        Respondent.

9:17-CV-0461
(GTS)

---

APPEARANCES:                            OF COUNSEL:

CLARENCE R. BROWN, JR.
08-B-3085
Petitioner, pro se
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

On or about April 27, 2017, Clarence R. Brown, Jr. filed papers the Court liberally construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Dkt. No. 1. He challenged a 2008 judgment of conviction, in Cayuga County, of second degree burglary (2 counts) and fourth degree promoting prostitution. *Id.* at 1-2.[1]

The Court reviewed the petition and determined that it was deficient because "petitioner failed to provide any information regarding whether he appealed his conviction and, if so, what grounds were raised on appeal, and the date(s) upon which the state court(s)

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF"). Petitioner also appeared to challenge immigration removal proceedings that took place in Batavia, New York, in 2006. *See* Dkt. No. 1 at 1, 4-15. The Court dismissed those claims for lack of jurisdiction. Dkt. No. 5 at 1-2.

decided his appeal." Dkt. No. 5 at 5. Without that information, the Court could not determine whether the petition was "timely or whether petitioner properly exhausted his claims." Dkt. No. 5 at 5. On May 12, 2017, petitioner was directed to file an amended petition. *See id.* at 5-6.

Petitioner filed an amended petition and exhibits, dated May 24, 2017. Dkt. Nos. 7, 7-1. The Court received additional exhibits on June 6, 2017. Dkt. No. 8. For the reasons that follow, this action is dismissed without prejudice.

## II.     THE AMENDED PETITION

Petitioner again challenges his 2008 Cayuga County conviction. Dkt. No. 7 at 1. He states that on June 11, 2010, the Appellate Division affirmed his conviction, and the New York Court of Appeals later denied leave to appeal further. *Id.* at 2; *see People v. Brown*, 74 A.D.3d 1748 (4th Dep't. 2010), *lv. denied* 15 N.Y.3d 802 (2010). Petitioner argues that appellate counsel was ineffective. Dkt. No. 7 at 5, 12-13. Although it is not entirely clear, he may also be attempting to argue that he was subject to "false imprisonment." *Id.* at 15.

Petitioner asserts that he is "sending every thing [sic]" to this Court and to the Appellate Division, and indicates that he is currently exhausting his state court remedies. Dkt. No. 7 at 8-9. A review of petitioner's exhibits reveals that in papers dated April 1, 2017, petitioner sought a writ of error coram nobis in the Appellate Division. *See* Dkt. No. 7-1 at 185-295. That application appears to remain pending. *See id.*; Dkt. No. 1 at 16-17.

## III.    DISCUSSION

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the

rights of the applicant." 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

As noted, petitioner recently filed a state court writ of error coram nobis, dated April 1, 2017, in which he raises similar arguments to those raised in the amended petition. *Compare* Dkt. No. 7 *with* Dkt. No. 7-1 at 185-295. That application appears to remain pending. Dkt. No. 7 at 8-9, 12; Dkt. No. 7-1 at 185-295. Based upon petitioner's papers, no state court has decided his claims, much less the highest state court capable of reviewing them.

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to

protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing his coram nobis application. *See* Dkt. No. 7. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

Based on the foregoing, the amended petition is premature and is dismissed without prejudice to re-filing one complete petition once petitioner has pursued and exhausted all the claims he wants to raise in the state courts. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[2]

---

[2] The Court notes that if petitioner's claims are unsuccessful in state court, a subsequent habeas petition should not run afoul of the "second or successive petition" limitations because this petition is being dismissed for failure to exhaust and not on the merits. *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

Additionally, under the AEDPA, habeas petitions challenging a state-court judgment of conviction are subject to a one-year statute of limitations. The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety (90) days after the New York Court of Appeals denied leave to appeal. *Gonzales v. Thaler*, 565 U.S. 134, 148-49 (2012); *Saunders v. Senkowski*, 587 F.3d 543, 547 (2d Cir. 2009). Properly filed state court applications for relief operate to toll the limitations period if those applications are filed before the one-year limitations period expires. 28 U.S.C. § 2244(d)(2); *Saunders,* 587 F.3d at 548. The tolling provision excludes from the limitations period only the time that the state relief application remains undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548.

The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Courts have also

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the amended petition, Dkt. No. 7, is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies; and it is

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[3] Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: June 13, 2017
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013).

The Appellate Division affirmed petitioner's conviction on June 11, 2010, and the New York Court of Appeals denied leave to appeal on August 5, 2010. *Brown*, 74 A.D.3d 1748 (4th Dep't. 2010), *lv. denied* 15 N.Y.3d 802 (2010). His conviction became final ninety days later, on November 3, 2010. *Saunders*, 587 F.3d at 547. He had until November 3, 2011 to file a timely petition. It is unclear from petitioner's papers whether he is entitled to statutory or equitable tolling, or whether an equitable exception might apply. It is also unclear the statute of limitations might run from some date other than the date upon which petitioner's conviction was final. 28 U.S.C. § 2244(d)(1)(B)-(D). The Court therefore makes no determination at this time on whether this, or any future petition, will be found timely. Petitioner should promptly re-file his federal habeas petition, if necessary, upon exhaustion of his state remedies.

[3] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").